

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

February 2, 2022

**Via ECF**
The Honorable Judge Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Hernandez, et al. v. San Marino at SoHo Incorporated, et al.
19-CV-7976 (DCF)**

Dear Judge Freeman:

Our office represents Santiago Hernandez, Luis Puma and Jose Paguay Bravo (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for San Marino at Soho Incorporated ("San Marino") and Skender Gashi (collectively, "the Defendants") requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following multiple mediations through the SDNY Mediation Program and continued negotiations thereafter between counsel for both parties.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

I. **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

   a. The Settlement Amount

Plaintiffs and Defendants agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees, for the amount of $17,500.00 in one payment within 30 days of receiving Court approval of the Settlement Agreement.

### b. Plaintiffs' Position

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiffs were employed as kitchen workers, performing tasks such as cleaning, dishwashing, and food preparing at Defendants' restaurant located at 66 Charlton Street, New York, New York 10014. In general, Plaintiffs alleged that, as former employees of Defendants, that they were not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week and that they were not compensated for approximately one hour of pay per shift for a lunch break that they were required to work through.

Each Plaintiff alleged working for the Defendants for a period of six months to one year within the relevant statutory period. All Plaintiffs alleged that they were not compensated for all of their overtime hours as well as an unpaid hour per shift.

Defendants produced time and pay records for all Plaintiffs for the periods of employment alleged in the Complaint. The time records showed fewer hours than Plaintiffs claimed and the pay records indicated that Plaintiffs received overtime at time-and-a-half their regular hourly rates for hours worked in excess of 40 hours per week. However, Plaintiffs maintained that the records did not capture the true number of hours worked each week and that they were not compensated at all for the hours worked above what appeared on Defendants' records. Assuming Plaintiffs could establish at least ten hours of unpaid work per workweek, Plaintiffs believed that they could recover approximately $30,000.00 in unpaid wages.

However, Plaintiffs understood the seriousness of the risks created by Defendants' records and preferred a guaranteed payment through a Court-approved settlement rather than the uncertainty of trial and the possibility of not recovering or recovering less than the agreed upon amount.

Additionally, Plaintiffs conducted a thorough investigation into Defendants' assets and financial abilities which raised concerns that even if they were to obtain a larger judgment at the time of trial, they may not have been able to recover the full amount of said judgment. Given the concerns regarding the records produced by Defendants and the concerns regarding Defendants' financial viability, Plaintiffs unanimously agreed to early resolution of this matter by receiving a lump sum payment following Court approval. Plaintiffs also understood that the remaining factual disputes would likely not have been resolved until the time of trial, which we anticipated being over a year away due to the current backload of civil trials as a result of the ongoing pandemic.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues,

the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $17,500.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the records and defenses maintained by Defendants in this matter and the factual disputes that remained between the parties. The parties had genuine, bona fide disputes over the hours worked by Plaintiffs, the dates of Plaintiffs' employment and the pay received by Plaintiffs, but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

## II.     The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 2 of the Settlement Agreement ("Release") is narrowly-tailored to claims under the FLSA and NYLL. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III.    Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses

### a. Distribution to Plaintiffs

The parties agreed to a global settlement of $17,500.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $11,120.00. Each Plaintiff will receive an amount proportional to

his alleged unpaid wages calculation, which considers the length of his employment, the alleged hours worked, and the alleged pay received. Those amounts are identified in Paragraph 1(a) of the Settlement Agreement.

### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $820.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $400.00
- the costs of service of the Summons and Complaint on Defendants in this matter: $413.00
- postage fees: $7.00

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($16,680.00), or $5,560.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $6,380.00.

**Settlement Amount:** $17,500.00
**Attorneys' Expenses:** $820.00
**Net Settlement Amount:** $16,680.00 ($17,500.00 - $820.00)
**Requested Attorneys' Fees:** $5,560.00 ($74,224.00 / 3)
**Total payable to Attorneys:** $6,380.00 ($5,560.00 + $820.00)
**Total payable to Plaintiffs:** $11,120.00 ($17,500.00 - $6,380.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of this matter and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV. Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of extended back-and-forth negotiations between experienced counsel, including participating in Court-annexed mediations early in the litigation process. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.